**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**EVAN TULENSA,**

**Plaintiff,**

**v.**

**EXPERIAN INFORMATION SOLUTIONS INC, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-00467**
**Judge Michael H. Watson**
**Magistrate Judge S. Courter M. Shimeall**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Evan Tulensa, proceeding without the assistance of counsel, filed this lawsuit against numerous Defendants under the Fair Credit Reporting Act ("FCRA"). (ECF No. 8.) Plaintiff also has submitted a request to proceed *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(e)(2), this matter is also before the Court for the initial screen of Plaintiff's Complaint to identify cognizable claims and/or to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Having performed the initial screen, and as detailed below, the Undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim under § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff brings this FCRA action against three consumer reporting agencies—Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion LLC

(collectively the "CRA Defendants")—and seven entities that allegedly furnished inaccurate credit information: Navy Federal Credit Union; Capital One Bank (USA), N.A.; Credit One Bank, N.A.; OneMain Financial Group, LLC; Upstart Network, Inc.; Portfolio Recovery Associates, LLC; and Flagship Credit Acceptance, LLC (collectively the "Furnishers"). (ECF No. 8, at PAGEID #: 51–52.)

According to the Amended Complaint, Plaintiff submitted numerous written disputes to each CRA between 2020 and 2024, while residing in Colorado. (*Id.* at PAGEID #: 52 ¶ 20.) He alleges that those disputes identified inaccurate information on his credit reports, and he requested reinvestigation. (*Id.*)

Thereafter, Plaintiff alleges that he relocated to Ohio in early 2026, and has lived and worked in Ohio continuously since that time. (*Id.*) Despite his submitted disputes, Plaintiff alleges that "Defendants continue to report inaccurate information on his consumer reports." (*Id.* at PAGEID #: 52–53 ¶¶ 22–26.) Plaintiff further alleges that Defendants "failed to conduct reasonable reinvestigations, failed to maintain reasonable procedures to assure maximum possible accuracy, and continued to furnish inaccurate information." (*Id.* at PAGEID #: 53 ¶ 26.)

As to the individual Furnishers, Plaintiff alleges that: Navy Federal reported inaccurate account information; Capital One reported an inaccurate balance and payment history; Credit One verified inaccurate derogatory information; OneMain reported an inaccurate account status; Upstart reported inaccurate loan information; Portfolio Recovery Associates reported inaccurate collection information; and Flagship reported inaccurate auto-loan information. (*Id.* at PAGEID #: 53, ¶¶ 26–27.)

Plaintiff maintains that the inaccurate reporting has caused continuing harm since his relocation to Ohio. (*Id.* at PAGEID #: 52–53 ¶¶ 14–18; 28.) Specifically, he alleges that he applied

for credit in Ohio and was denied because of the inaccurate information, that the reporting adversely affected his efforts to obtain housing, and that he continues to receive credit-monitoring alerts showing the disputed accounts remain on his reports. (*Id.* at PAGEID #: 52–53 ¶¶ 15–17, 23–25, 28.) He also alleges emotional distress, frustration, and financial harm. (*Id.*)

Based on these allegations, Plaintiff asserts four claims against the CRA Defendants concerning their alleged failures to conduct reasonable reinvestigations, follow reasonable procedures, provide reinvestigation results, and note disputed information. (*Id.* at PAGEID #: 53–54 (citing 15 U.S.C. § 1681e(b) and § 1681i, (a)(6), and (c)).) He also asserts a claim against the seven Furnishers under 15 U.S.C. § 1681s-2(b). (*Id.*) Plaintiff seeks $200,000 in damages, including actual, statutory, and punitive damages, as well as an order requiring Defendants to correct the inaccurate information, costs, and attorney's fees. (*Id.* at PAGEID #: 54.)

## II. LEGAL STANDARD

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, was enacted to allow a person of limited financial means to have access to the courts. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992). However, to prevent abuses of that leniency, the federal district courts must also review all *in forma pauperis* actions and dismiss any lawsuits or causes of action that the Court determines are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

To state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill*, 630 F.3d at 470–71 (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations," it does demand "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotations omitted). Thus, a complaint that asserts only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s] devoid of further factual enhancement" will be insufficient. *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (citations and quotations omitted). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

Further, although the Court is to liberally construe *pro se* complaints "and hold such complaints to a less stringent standard than pleadings prepared by attorneys . . . this lenient treatment has limits." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting in part *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). The Court "should not have to guess at the nature of the claim asserted." *Wells*, 891 F.2d at 594. Stated differently, Rule 8 bars "a pleading party from 'cough[ing] up an unsightly hairball of factual and legal allegations, stepp[ing] to the side, and invit[ing] the defendants and the Court to pick through the mess and determine if plaintiffs may have pleaded a viable claim or two.'" *Hartzell v. Miami Cty. Incarceration Facility*,

No. 3:17-CV-63, 2017 WL 2590199, at *2 (S.D. Ohio June 15, 2017) (quoting *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).

## III. ANALYSIS

Plaintiff brings four claims against the CRAs and one claim against the Furnishers. The FCRA was created "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Boggio v. USAA Federal Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)). The FCRA "imposes distinct obligations on three types of entities: (1) consumer reporting agencies: (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Nelski v. Trans Union, LLC*, 86 F.App'x 840, 844 (6th Cir. 2004) (citation omitted). For the reasons that follow, Plaintiff's Complaint fails to state a claim as to all Counts, and the Court therefore recommends the claims be dismissed.

### A. Claims Against the CRAs (Counts I–IV)

Plaintiff brings four claims against the CRAs for:

1. Failure to conduct a reasonable Reinvestigation in violation of 15 U.S.C. § 1681i (Count I);
2. Failure to Follow Reasonable Procedures in violation of § 1681e(b) (Count II);
3. Failure to Provide Results of Reinvestigation in violation of § 1681i(a)(6) (Count III); and
4. Failure to Note Disputed Information in violation of § 1681i(c) (Count IV).

(ECF No. 8, at PAGEID #: 53.)

"CRAs must 'adopt reasonable procedures' for reporting, . . . that 'assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 533–34 (6th Cir. 2024) (citing 15 U.S.C. §§ 1681(b) and e(b)). "If a consumer disputes a report's accuracy, the CRA must 'conduct a

reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the [consumer's] file.'" (*Id.* citing 15 U.S.C. § 1681i(a)(1)(A)). "If a CRA negligently or willfully violates the accuracy mandate, the consumer may bring suit." *Id.* (citing 15 U.S.C. § 1681n and § 1681o).

In this case, Plaintiff brings claims against the CRAs under § 1681e(b) and § 1681i (specifically §§ 1681i(a)(6) and (c)).

To state a claim under § 1681e(b), a plaintiff must allege:

(1) The defendant reported inaccurate information about the plaintiff;

(2) The defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff;

(3) The plaintiff was injured; and

(4) The defendant's conduct was the proximate cause of the plaintiff's injury.

*Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020).

The elements for a claim under § 1681e(b) and § 1681i are substantially similar and can be analyzed together. *See Berry*, 115 F.4th at 536 (noting that the framework for both is the same except a plaintiff does not need to show the agency prepared and distributed a report under § 1681i). The Undersigned will likewise address the § 1681e(b) and § 1681i claims together because they all turn on the first element—inaccurate information.

To state a claim under the first element of both provisions, a consumer report contains an inaccuracy if "'a CRA report[s] either 'patently incorrect' information about [the consumer] *or* information that was 'misleading in such a way and to such an extent that it [could have been] expected to have an adverse effect [on the consumer].'" *Berry*, 115 F.4th at 536 (quoting *Twumasi-Ankrah*, 954 F.3d at 942 (further citations omitted)).

Here, all Plaintiff alleges with respect to the purported inaccuracies is that "between 2020 and 2024, while residing in Colorado, Plaintiff submitted numerous written disputes to each CRA identifying inaccurate information and requesting reinvestigation under the FCRA." (ECF No. 8 ¶ 20, at PAGEID #: 52.) But Plaintiff's allegations under § 1681e(b) and § 1681(i) fail to state a claim because he does not provide factual details as to what specifically was inaccurate about the reports, whether the CRA Defendants responded, or what was unreasonable about their processes. *See S. E. v. Trans Union LLC*, No. 2:25-CV-1525, 2026 WL 1847011, at *4 (S.D. Ohio Mar. 31, 2026) ("[A] plaintiff fails to state a claim under § 1681i when they neglect to specify what information in their file is inaccurate or how the CRA's failed to conduct a reasonable investigation."), *report and recommendation adopted*, 2026 WL 1846978; *see also Taylor v. Experian*, No. 1:23-CV-506, 2023 WL 5214689, at *4 (S.D. Ohio Aug. 15, 2023) (finding that a plaintiff failed to state a claim under § 1681e(b) when her conclusory allegations did not "identify any particular inaccuracy in her credit report"), *report and recommendation adopted*, 2023 WL 6161658 (S.D. Ohio Sept. 21, 2023); *Singleton v. Experian Info. Sols., Inc.*, No. 3:26 CV 521, 2026 U.S. Dist. LEXIS 229853, at *6 (N.D. Ohio Oct. 7, 2026) (finding conclusory FCRA allegations insufficient where the plaintiff failed to explain what information was inaccurate, what disputes she submitted, or allege facts suggesting that the defendant failed to follow reasonable procedures, or conducted an unreasonable investigation.)

Accordingly, the Undersigned recommends that Counts I–IV be **DISMISSED**.

**B. Claim Against the Furnishers (Count V)**

Plaintiff's claim against the Furnishers likewise fails to state a claim.

"Section 1681s-2(b) allows a consumer to sue a data furnisher if the furnisher provides 'incomplete or inaccurate' information to a CRA and then refuses to 'delete' or 'modify' that

information in response to a consumer complaint." *Twumasi-Ankrah*, 954 F.3d at 943 (citing 15 U.S.C. § 1681s-2(b)(1)).

"[T]hose who furnish information to consumer reporting agencies have two obligations: (1) to provide accurate information; and (2) to undertake an investigation upon receipt of a notice of dispute regarding credit information that is furnished." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004); *see* also 15 U.S.C. § 1681s-2. "A consumer may show a violation of an information furnisher's duty under § 1681s-2(b)(1)(A) by showing that the furnisher's investigation was not reasonable." *Boggio*, 696 F.3d at 616.

Here, Plaintiff fails to state a claim because he never alleges that the Furnishers "received proper notice of a dispute from a CRA." *See Boggio*, 696 F.3d at 615–16 ("[C]onsumers may step in to enforce their rights only after a furnisher has received proper notice of a dispute from a CRA."); *Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) ("A private cause of action against a furnisher of information does not arise until a consumer reporting agency provides proper notice of a dispute."); *Downs*, 88 F. App'x at 853–54 ("[T]he plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed.").

Plaintiff likewise fails to allege any facts that would support, even assuming proper notice to the Furnishers by CRAs, that the Furnishers' investigation was unreasonable. Plaintiff's failure to allege this information proves fatal to his claim against the Furnishers. *See Green v. Navy Fed. Credit Union*, No. 3:24 CV 632, 2024 U.S. Dist. LEXIS 193166, at *5 (N.D. Ohio Oct. 24, 2024) (dismissing a claim under § 1681s when the plaintiff's failed "to meet even the most liberal reading of the *Twombly* and *Iqbal*, as it lack[ed] any allegation that Defendant [(a furnisher)] received notice from a CRA regarding the disputed information").

Accordingly, the Undersigned recommends that Count V be **DISMISSED**.

## IV. CONCLUSION

Plaintiff's Motion to Proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) But, for the reasons stated above, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B). (ECF No. 8.)

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**